JOSEPHINE RUGEN AND HERMANN RUGEN, Respond-
ENTS, v. CATHARINE E. COLLINS AND MARIETTA
COLLINS, AN INFANT, IMPLEADED WITH OTHERS, APPELLANTS.

*Costs — Conflicting claims to real property — Code, § 449.*

Where, in an action brought in pursuance of section 449 of the Code, to deter-
mine conflicting claims to real property, the plaintiffs' complaint is dismissed,
the defendant is entitled to costs, as a matter of right, and the court cannot
prevent his recovering the same.

APPEAL from so much of a judgment dismissing the plaintiffs'
complaint as denied costs to the defendants, and from an order
denying a motion made by them for the allowance of costs.

*J. H. Whitelegge,* for the appellants.

*Samuel Wood,* for the respondents.

DANIELS, J.:

This action was brought for the determination of conflicting
claims to a parcel of real estate. It was tried, by consent, before
the court, without a jury, and the complaint dismissed, without
costs, because it failed to state facts sufficient to constitute a cause
of action. And the defendants have appealed from the part of the
judgment depriving them of their costs, claiming that their right
to recover them was, in no respect, subject to the discretion of the
court.

In that view they also presented a bill of costs to the clerk for
adjustment, which was rejected by him. And from his decision
they appealed, by way of motion, to the Special Term. The same
disposition was there made of their bill, and from the order then
made they have appealed to this court. These decisions of the
clerk and of the motion by the Special Term, were clearly correct
in point of practice, even if the portion of the judgment appealed
from shall prove incapable of being sustained. For, as long as that
continued in force, and unreversed, it had the effect of depriving
the defendants of their costs, and, even if it had been erroneously
directed, it could not be corrected in a collateral proceeding like

that resorted to by the defendants, for the allowance of their costs. If any error had intervened, by which the defendants were deprived of their costs, it could only be .corrected by a vacation of that portion of the judgment, or in a direct proceeding, by way of appeal, for the purpose of reviewing it. Neither the clerk nor the Special Term had any power over the decision, and, consequently, could not disregard it.

But in the appeal from the judgment the question is directly presented, whether costs were properly denied. Before 1849 the subject-matter of the action required only a special proceeding, for its prosecution and determination. But in that year it was provided that the rights of the parties to such a controversy might be enforced by an action. (Code, § 449.) That made no other change than to constitute it the proper subject of an action. It left the rights of the parties in all other respects within the control of the preceding provisions of the law. That resulted from the language used in the enactment of the section, as well as from the circumstance that none of those provisions were changed or repealed by it. The simple power alone was created of compelling the determination of the conflicting claims by action. And when it should be done, it was required to be "pursuant to the provisions of the Revised Statutes." And by an amendment to those statutes made by chapter 511 of the Laws of 1855, it was declared that the issues formed should be tried in the same manner as issues in other personal actions and the successful party entitled to judgment for such relief as he could recover, with costs as in other personal actions under the Code. (Laws of 1855, chap. 511, § 4.) This was in terms an amendment of the provisions contained in the Revised Statutes, requiring the proceeding to be commenced by a mere notice. But from the language used by section 449 of the Code it was made equally applicable to an action instituted for the same purpose, for it provided that the action should be prosecuted pursuant to the provisions of the Revised Statutes. And it could not consistently have been designed that costs should be awarded when the proceedings were commenced by a notice and denied when the same right was enforced by action. The right to costs was provided by the Revised Statutes as amended by the act of 1855, and it was to be alone pursuant to such pro-

visions that the action could be prosecuted under the Code. It was simply in the form of the proceeding that a change was made, not in the rights or obligations of the parties to it. They were intended to be the same in the action as they would be if a notice instead of a summons were made use of for the purpose of commencing them.

The right to costs was also secured by the provisions of the Code applicable to all civil actions, which since 1849 included an action to determine conflicting claims to real estate. For when this action was tried they gave the plaintiffs costs of course, when a claim of title to real property arose upon the pleadings, and in actions of which a court of a justice of the peace had no jurisdiction; and an action of the present description was comprehended by both these provisions. For a claim of title to real property did arise upon the pleadings, and it was an action which could not be commenced or prosecuted in the court of a justice of the peace. If the plaintiffs had recovered judgment they would consequently have been entitled of course to their costs; and where that is the case, the next section secures the same right and one as absolute in its form to the defendants when they succeed in the action.

Whether the case be considered as being within the control of the provisions of the Revised Statutes, as they have been amended by the act of 1855, or those of the Code which are applicable to civil actions, the right of the defendants was complete to their costs upon the dismissal of the plaintiffs' complaint, and the court could not properly prevent their recovery by any direction to that effect given in its judgment. It is only in another class of actions that a discretion over the subject of costs has been conferred upon the courts. (Code, § 306.)

The order appealed from denying the defendants' motion should be affirmed, with ten dollars costs besides disbursements; and so much of the judgment as dismissed the plaintiffs' complaint without costs should be reversed. That will leave the complaint dismissed unqualifiedly, and entitle the defendants to their costs of the action and on the appeal from the judgment, to be adjusted in the usual way.

Davis, P. J., and Brady, J., concurred.

Order denying the defendants' motion affirmed, with ten dollars costs and disbursements; and so much of the judgment reversed as denies costs to defendants, and costs are allowed to the defendants in the action and on the appeal.